An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

SUSAN REEVES,
Appellant,
vs.
BALLY'S GRAND HOTEL & CASINO,
Respondent.

No. 62981

**FILED**

JAN 1 5 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying judicial review in a workers' compensation matter. Eighth Judicial District Court, Clark County; Kenneth C. Cory, Judge.

Appellant Susan Reeves suffered an industrial injury more than 20 years ago when she was employed by respondent Bally's Grand Hotel & Casino. Many facets of appellant's workers' compensation claim have previously been litigated. In this appeal, this court considers whether substantial evidence supports the appeals officer's decision to deny appellant's request to reopen her claim.[1] Appellant asserts that the appeals officer's findings are not consistent with the medical reporting that she submitted, which opined that her condition resulting from her industrial injury is preventing her from returning to work.

---

[1]Although appellant argues in her pro se appeal statement that claim closure was not appropriate, that matter was previously litigated and is not before this court in this appeal. *See Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1054-55, 194 P.3d 709, 713 (2008) (explaining claim and issue preclusion).

SUPREME COURT
OF
NEVADA

(O) 1947A

15-01727

For appellant to reopen her claim, she must show that there has been a change of circumstances warranting an increase or rearrangement of compensation and that the primary cause of the change in circumstances is the original industrial injury. NRS 616C.390(1). The only medical reporting in the record that was issued after appellant's claim was closed are the 2010 reports from Drs. Curtis Poindexter and Satish Sharma. While both physicians acknowledged that appellant still suffers from physical problems, neither physician opined that appellant's condition had changed so as to warrant additional benefits or that any change was primarily caused by appellant's original industrial injury. Dr. Poindexter's 2011 report clearly states his opinion that based on appellant's x-rays and MRI, he did not find that appellant's condition had progressively worsened and that any progression of her condition is likely due to aging. Dr. Sharma's reports do not address any change in appellant's condition. Thus, substantial evidence in the record supports the appeals officer's determination that appellant had not submitted sufficient evidence showing a change in condition so as to warrant claim reopening under the statutory standard. *See* NRS 616C.390(1) (providing the requirements for claim reopening); *Vredenburg v. Sedgwick CMS*, 124 Nev. 553, 557 & n.4, 188 P.3d 1084, 1087-88 & n.4 (2008) (defining substantial evidence); *Wright v. State, Dep't of Motor Vehicles*, 121 Nev. 122, 125, 110 P.3d 1066, 1068 (2005) (recognizing that substantial evidence may be inferred from the lack of evidence).

Accordingly, because the appeals officer did not err or abuse her discretion in denying reopening of appellant's claim, we affirm the district court's order denying judicial review. *See Vredenburg*, 124 Nev. at

557, 188 P.3d at 1087-88 (explaining that this court will not disturb the appeals officer's factual findings on judicial review if they are supported by substantial evidence).

It is so ORDERED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Kenneth C. Cory, District Judge
Susan Reeves
Lewis Brisbois Bisgaard & Smith, LLP/Las Vegas
Eighth District Court Clerk